# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JUSTIN BURNS,

               Plaintiff,

v.

MEGAN FRITZ and DENISE BONNETT,

               Defendants.

Case No. 19-CV-298-JPS

**ORDER**

On March 1, 2019, the Court ordered Plaintiff to pay an initial partial filing fee of $22.53 and do so no later than March 22, 2019. (Docket #6). On March 7, 2019, Plaintiff filed a motion to utilize his release account funds to pay his entire filing fee. (Docket #7). This Court lacks the authority—statutory or otherwise—to order that a prisoner may tap into his release account to pay current (or future) litigation costs. *Cf. Wilson v. Anderson*, No. 14-CV-0798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (declining to order that a prisoner's full filing fee be paid from his release account, "[g]iven the [DOC's] rationale for segregating funds into a release account" and the absence of any statutory authority compelling the court to do so).

Denying prisoners the use of their release accounts to fund litigation costs is also prudent given that those accounts are "restricted account[s] maintained by the [DOC] to be used upon the prisoner's release from custody." *Id.* Permitting a prisoner to invade that account for litigation costs could be a detriment to that prisoner's likelihood of success post-incarceration, *see* Wis. Admin. Code. § DOC 309.466 (stating that disbursements from a prisoner's release account are authorized "for

purposes that will aid the inmate's reintegration into the community"), especially if the prisoner is overly litigious. As the Seventh Circuit has instructed, "like any other civil litigant, [a prisoner] must decide which of [his] legal actions is important enough to fund," *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003); thus, if a prisoner concludes that "the limitations on his funds prevent him from prosecuting [a] case with the full vigor he wishes to prosecute it, he is free to choose to dismiss it voluntarily and bring it at a later date." *Williams v. Berge*, No. 02-CV-10, 2002 WL 32350026, at *8 (W.D. Wis. Apr. 30, 2002). He is not free, however, to tap into his release account to cover those legal costs. In light of the foregoing, the Court will deny Plaintiff's motion to use release account funds to pay the entirety of his filing fee.

Plaintiff must still pay his initial partial filing fee by March 22, 2019, or this action will be dismissed.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to use funds from his release account to pay the entire filing fee in this matter (Docket #7) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 8th day of March, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge