# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JUSTIN BURNS,

        Plaintiff,

v.

MEGAN ABLER and DENISE BONNETT,

        Defendants.

Case No. 19-CV-298-JPS

**ORDER**

    Plaintiff has been allowed to proceed on two claims against Defendants: 1) deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment, against Defendant Denise Bonnett ("Bonnett"), and 2) medical negligence, pursuant to Wisconsin state law, against Megan Abler ("Abler") and Bonnett. (Docket #10 at 5). On May 1, 2019, Defendants moved to dismiss the medical negligence claim for Plaintiff's failure to comply with Wisconsin's notice-of-claim statute. (Docket #15). That statute provides that before filing suit on a state law cause of action, a potential plaintiff must timely file a notice-of-claim with the Wisconsin Attorney General. *See* Wis. Stat. § 893.82. The statute is jurisdictional, meaning that a failure to comply mandates dismissal of the subject claim. *Badger Catholic, Inc. v. Walsh*, 620 F.3d 775, 782 (7th Cir. 2010).

    Plaintiff responded to the motion on May 16, 2019. (Docket #20). He states that the notice-of-claim statute does not apply because he sues Defendants for a constitutional violation under Section 1983. While this is true as to the deliberate indifference claim, Defendants have not sought dismissal of that claim. Rather, they correctly note that the medical

negligence claim arises under Wisconsin state law, and so Wisconsin procedural requirements still apply to the claim, even though it is presented in federal court. *Dye v. Bett*, 79 F. App'x 226, 228 (7th Cir. 2003) (affirming dismissal of a negligence claim pursuant to Wisconsin state law because the prisoner failed to comply with Section 893.82). In other words, the fact that Plaintiff seeks to bring the claim pursuant to this Court's supplemental jurisdiction is irrelevant—that fact does not relieve Plaintiff from the notice-of-claim requirement. Plaintiff does not dispute that he failed to file a notice-of-claim that complies with Section 893.82. The Court will, therefore, dismiss the medical negligence claim, and Abler as well, as that was the only claim leveled against her.

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss (Docket #15) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's claim for medical negligence (Docket #10 at 5) be and the same is hereby **DISMISSED**; and

**IT IS FURTHER ORDERED** that Defendant Megan Abler be and the same is hereby **DISMISSED** from this action.

Dated at Milwaukee, Wisconsin, this 17th day of May, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge